KRASNO and another, Appellants, vs. BRACE, Respondent.

*March 5—April 3, 1951.*

For the appellants there was a brief by *Hill, Miller & Hill* of Baraboo, and oral argument by *James H. Hill.*

For the respondent there was a brief by *L. V. Bach* of Spring Green, and *Harry E. Carthew* of Lancaster, and oral argument by *Mr. Carthew*.

BROADFOOT, J. Joseph Krasno, one of the plaintiffs, testified upon the trial that his company had sold several carloads of poultry to the defendant; that the defendant came

to one of the offices of the company at Mazomanie, Wisconsin, on October 16, 1946, to purchase another car of poultry; that the car was loaded on October 17th and on the 18th the defendant came to Mazomanie to get the bill and to find out what was in the car; that on that date the defendant gave plaintiffs a check for $10,000 and agreed to pay the balance within a short time; that the defendant was given an invoice for the car amounting to $12,081.68; that at the direction of the defendant the car was shipped to Wilmac Company in Washington, D. C.; that the defendant was then given a copy of the bill of lading. The manager of the Mazomanie office for the company corroborated the testimony of Krasno.

The defendant testified that around the 14th or 15th of October, 1946, Joseph Krasno telephoned the defendant at Spring Green, Wisconsin, and attempted to sell him a car of poultry, and defendant informed him that he was not interested in buying; that a few days later Krasno and his office manager came to defendant's office in Spring Green and asked for a loan; that Krasno stated he had already sold the car of poultry to the Metropolitan Poultry Company through a Mr. Willard, who operated the Wilmac Company; that defendant finally loaned to plaintiffs the sum of $10,000 and took the bill of lading as security for the loan; that the poultry when sold brought the sum of $7,582.67, and that plaintiffs were indebted to the defendant in the sum of $2,417.33, with interest. Defendant's testimony was corroborated by that of his secretary, who claimed to have been present in defendant's office in Spring Green at the time of the transaction. In rebuttal plaintiff and his office manager testified that neither of them had ever been in the defendant's office.

With such a direct conflict in the testimony the verdict of the jury must stand unless some error was committed during the progress of the trial.

The defendant offered in evidence a letter written by him on October 21, 1946, directed to M. J. Willard, the defend-

ant's representative in Washington, D. C. This letter in substance states that he had refused to buy the carload of poultry, but that he had made a loan thereon and the proceeds of the sale were to be paid direct to the defendant. The bill of lading for the car of poultry was inclosed in the letter. The plaintiffs objected to the receipt of the letter in evidence on the ground that it was a self-serving declaration. Certain portions of the letter were deleted by the court, but the balance was admitted in evidence.

The plaintiffs contend upon this appeal that the admission of said letter constitutes reversible error. The defendant contends that the letter was evidence of an integral part of the transaction in controversy, and that it was therefore a part of the *res gestae*. It is generally held that to be part of the *res gestae* the declaration must be contemporaneous with the act or transaction. In some cases spontaneity of the declaration is considered a substitute for the time element. However, to be admissible on the ground of spontaneity the declaration must be made while the declarant is still subject to the stimulus of the nervous excitement of the principal event. The defendant cites language from texts and some Wisconsin cases that lend him encouragement in presenting his argument.

The general rules of evidence are noted for their exceptions and both the rules and exceptions must be applied to each case separately. In this case the admission of the letter was error. It was written by one of the parties to his own agent and it is clearly a self-serving declaration. A copy was not submitted to the other party to the transaction. It was improperly admitted as a part of the *res gestae* because it was remote as to time and did not meet the test of spontaneity. The letter was written a matter of days after the transaction, whatever it was, had been completed, and there was ample time for reflection before the letter was written. Such an extension of the general rule should not be made when other

evidence of the same fact is available. The defendant was in court and was able to testify fully as to the whole transaction.

The defendant also contends that if the admission of the letter was error it was not prejudicial or reversible error. With this contention we cannot agree. The record discloses that the jury retired at 11:30 a. m. Two questions were submitted in the special verdict, as follows:

"1. Did the plaintiffs sell to the defendant a carload of poultry on or about the 17th day of October, 1946?
"2. Did the defendant loan the plaintiffs $10,000 on or about the 19th day of October, 1946?"

The jury returned with its verdict at 7:30 p. m. Upon receipt of the verdict and upon observing the jury had answered both questions in the negative, the court directed the jury to return to the juryroom for the purpose of arriving at a consistent verdict. The jury retired to the juryroom at 7:31 p. m., and returned again at 7:33 p. m. A portion of the testimony of the witness Willard was read to the jury. The record then shows the following:

"A Juror. I would like to know why this should not be the way we sent it back.
"The Court. Well, because there was a transaction between them and you had that there was neither of these transactions which by all of the witnesses, one way or the other, took place.
"A Juror. Yes, but by the testimony somebody wasn't telling the truth.
"The Court. There is no question about what you say but that does not justify you in saying that there was no transaction, because there was one or the other of those transactions made. Retire to your juryroom. I can't argue with you about it."

The jury again retired to the juryroom at 7:45 p. m., and returned finally with its verdict at 8:20 p. m. As finally received and filed, the answer to the first question was "No," with one dissenting juror, and the answer to the second ques-

tion was "Yes," with two dissenting jurors. The record further discloses that the letter was made available to the jury. It is probable that the letter influenced the final determination of the jury and affected the substantial rights of the plaintiffs. Its admission was reversible error.

*By the Court.*—Judgment reversed and cause remanded for a new trial.